DETERMINED IN THE

# FIRST DEPARTMENT,

AT

# GENERAL TERM,

July, 1880.

---

THE PEOPLE OF THE STATE OF NEW YORK *ex rel.*
LEWIS SALKE, RESPONDENTS, *v.* JAMES TALCOTT AND
THE MARINE COURT OF THE CITY OF NEW YORK,
APPELLANTS.

*Appeal to the Common Pleas from an order of the Marine Court granting a new*
*trial—the stipulation required by chapter 545 of 1874 must be given upon it—*
*power of the appellate court, when the stipulation is not given—writ of prohibi-*
*tion—when it will not be granted.*

Upon the trial of an action brought in the Marine Court of the city of New
York by one Talcott, against one Salke, Talcott recovered a judgment,
which was, upon appeal to the General Term of the Marine Court, reversed,
and a new trial ordered. Talcott then appealed to the General Term of
the Court of Common Pleas, without giving the stipulation, required by
chapter 545 of 1874, to the effect that judgment absolute might be ren-
dered against him in the event of the affirmance of the order directing a
new trial. The Common Pleas affirmed the order of the General Term of
the Marine Court, directing a new trial. Salke thereupon, claiming that the
Common Pleas should have ordered a judgment absolute in his favor, pro-
cured a writ of prohibition, restraining Talcott and the Marine Court from
taking any further proceedings in the action.

Upon an appeal from the order granting the said writ, *Held*, that in the ab-
sence of the stipulation required by the act of 1874, the Court of Common
Pleas could not have ordered a judgment absolute in favor of Salke.

[591]

That if the appeal could be taken, without any stipulation having been given, the Common Pleas in considering the case, were, by subdivision 2 of section 43 of chapter 479 of 1875, vested with a discretion as to the disposition to be made of it, which discretion was not reviewable at a Special Term of the Supreme Court on an application for a writ of prohibition.

That if the relator was aggrieved by any irregularity in the form of the judgment of the Court of Common Pleas, he should apply to that court for the correction of the judgment.

That if the Marine Court had no authority to proceed further with the case, the relator could protect himself by raising the proper objections and by taking the proper exceptions when the case should be moved for trial, and by correcting any erroneous rulings thereon by appeal.

That the order granting the writ should be reversed and the writ quashed.

APPEAL from an order granting an application for a writ of prohibition restraining the justices of the Marine Court from entertaining or trying the cause of James Talcott against Lewis Salke.

That suit was commenced in the Marine Court in November, 1875, and was tried on December 23, 1878, before Mr. Justice GOEPP and a jury, and resulted in a verdict being directed in favor of James Talcott, the plaintiff. From this judgment an appeal was taken by Lewis Salke to the General Term of the Marine Court, where, on October 18, 1879, the judgment entered upon the direction of the trial judge was reversed and a new trial ordered. From this order of the General Term of the Marine Court, reversing the judgment in favor of the plaintiff, Talcott, and ordering a new trial, Talcott appealed to the General Term of the Court of Common Pleas, without giving the stipulation required by section 9 of chapter 545 of 1874, to the effect that, if the order should be affirmed, judgment absolute should be ordered against the appellant. The Common Pleas affirmed the order of the General Term of the said Marine Court and ordered a new trial. Salke then applied for and procured this writ, claiming that judgment absolute should have been, and was, in legal effect, ordered by the Common Pleas.

*Thomas & Wilder*, for the appellants.

*R. S. Newcombe*, for the respondents.

DAVIS, P. J.:

For several reasons the writ of prohibition in this case was improperly granted:

I. The appeal from the order of the General Term of the Marine Court granting a new trial was not accompanied by the stipulation required by chapter 545 of the Laws of 1874. In *Gordon* v. *Hartmann,* the Court of Appeals held that "there can be no appeal from an order of the Marine Court granting a new trial without the stipulation" required by the act of 1874. The court also held that the provisions of chapter 479 of the Laws of 1875 had not abrogated or repealed the provisions of the act of 1874.* That decision is of course controlling, and it follows that the Court of Common Pleas, whatever else it might have done, had no power to render judgment *absolute,* against the appellant from the order granting the new trial. The order of the Common Pleas, in affirming the order of the Marine Court, *did not render judgment absolute against the appellant;* and it appears from the opinion of the General Term that it did not intend to do so. To hold, in a case where the court not only had no power to render such a judgment, and did not render it but declared emphatically its intention to the contrary, that the law will regard what it did do as equivalent to such a judgment, would be a novel exercise of the authority of this court under the writ of prohibition. The legal effect of the judgment of the Court of Common Pleas was to remand the case to the Marine Court for such action as is directed by the order of the General Term of the latter court.

II. The absence of the stipulation on the appeal from the order, assuming that the appeal was regular under the act of 1875, took the case out of the provisions of the act of 1874, and left the Court of Common Pleas to the exercise of the discretion vested in that court in such cases by subdivision 2 of section 43 of chapter 479 of the Laws of 1875. This was the view taken by the judges of the Common Pleas (for reasons specially assigned in the opinion). The exercise of that discretion is not reviewable at a Special Term of this court on the extraordinary writ of prohibition.

III. The relator, if aggrieved by the judgment of the Court of Common Pleas because of irregularity of form, had a plain remedy by application to that tribunal for the correction of the judgment.

---

* *Gordon* v. *Hartman,* 9 Weekly Digest, 293.—Rep.

This court should not interfere by prohibition while so simple and easy a remedy lies open to the relator.

IV. If there were no lawful appeal which could give the Court of Common Pleas jurisdiction, as seems to be the view of the Court of Appeals under the statutes, the case has remained in legal contemplation, in the Marine Court under and subject to the order of the General Term granting the new trial. That court is proposing to do nothing more than to proceed in the discharge of its judicial duty, to a new trial of the cause in conformity to the judgment of the General Term. There is therefore no more reason for interfering with the functions of that tribunal in this case by a writ of prohibition, than there is to arrest all its functions by similar process. If the court is assuming to act without authority, the relator can protect himself by raising the proper objections and by exceptions, at the time the case is moved for trial and during the trial, and by correcting the erroneous rulings if any, by appeal. His right depends upon questions of law which may be presented and all errors affecting the same corrected in the ordinary proceedings in the action, without resort to a writ designed for purposes foreign to the review and correction of errors which occur in the progress of the trial and decision of causes.

The order should be reversed and the writ quashed, with costs.

BRADY and BARRETT, JJ., concurred.

Order reversed, with costs and disbursements, and the writ quashed.